Our last case this morning is Sol Semiconductor v. Finelite & Samson, 2025-17-12. Mr. Reckin. Thank you, Your Honor. Good morning. May it please the Court. Thomas Reckin for Finelite, Inc. and with me is my colleague, Joseph Basia of McCarter & English. What stands between Finelite and indemnity for patent infringement by Samsung is the District Court's erroneous construction of a single sentence in a credit agreement. The entirety of Samsung's contract of sale was not incorporated into the credit agreement. Once that misconstruction is corrected, then we go to Section 2207 of the California Commercial Code, which must be applied then in order to determine the terms of the parties' contracts. Indeed, there were contracts here. They did, in fact, do business, purchase and sell LEDs. If we go to ER 140, the applicant understands and agrees to send some terms of sale attached. That makes them out in one contract. Does it not? Well, if we stop the sentence there and put a sentence after attached in paren, then I don't think there's any question that the contract of sale that accompanied the four documents would be part of the parties' contract. But the sentence continues. It does. And there's a comma, and to pay service charges assessed and to pay reasonable attorney fees. Correct. That's right, Your Honor. And so the question then becomes, how do we construe that sentence, a sentence that, first, has certain peculiarities associated with it? Let's start with the fact that in the credit agreement, that sentence, for some reason, is in quotations. That's the first point. The aspect of the sentence that I guess I've been focusing on is something that, as far as I can tell, you have literally two sentences in your brief about, which is, if it were the case, I guess the question is, we are agreeing to, and now there are three phrases, right? To the contract of sale, to one thing, to another. Three phrases. If the broad interpretation of the first phrase were right, does that make the other two phrases completely superfluous, completely redundant, because those things are already covered in the terms of sale? The answer to that question is yes. It seems to me that if that premise is right, that if it really is a redundancy, that feels like a stronger point than almost anything else you have said. So I can't quite figure out why it literally is a sentence on the carryover of 22 to 23 and one sentence on the carryover of 38 to 39 with no explanation of why those two clauses really are already completely and clearly covered in the contract of sale. So I begin to doubt that they're really redundant. So let me start with why we devote, perhaps, as Your Honor says, no more than two sentences to that fact. And I'll say, because I don't think that... I'm not making kind of a... I'm not asking for a lawyer's kind of question. Show me why each of those two phrases is already clearly in the contract of sale. Sure. So if we go to the contract of sale, and this is the excerpts of record at page 142 or the appendix of record at page 142, and we go to paragraph 7, prices and payment, right in the middle of that paragraph, overdue amounts are subject to a late charge at the lesser of 1.5 percent of amount outstanding per month or the maximum rate permitted by law. So that goes to the issue of service charges. And then the next sentence addresses attorney's fees. I'm sorry? The word service charges isn't there. The phrase service charges. No, but that's what is being described there. Overdue amounts are subject to a late charge at the lesser of 1.5 percent. That is the nature of a service charge. Because there are no other, I mean, you know, they sell LEDs and fine light pays for LEDs. The service charge concept is incorporated when a payment is not made in a timely manner. And in this case, what's referred to here clearly in paragraph 7 is a 1.5 percent charge for overdue amounts. Then we go to the next sentence, and the next sentence says customers shall pay all reasonable collection costs, including attorney's fees incurred. And so that's where clearly the items that are referred to in the credit agreement appear in the contract of sale, which is referred to, of course, in the term, in the credit agreement as terms of sale. You didn't use the word clearly. I'm sorry? You just used the word clearly. I did. Yeah. I did. Not so clear. Well, let's accept that maybe that, if it's not so clear, then where does that leave us? Then that falls into the area of ambiguity. I'll submit, as our, and I think I have in our brief, as our alternative argument, that if the Court does not construe this sentence as what grammarians have referred to as a loose sentence, that is, a sentence that begins with an initial independent clause, followed by one or more dependent clauses that can modify or qualify, which is what we say happens here, that initial independent clause, if the Court does not accept or construe it that way, then where that leaves us is we have more than one reasonable interpretation of a single sentence in a document clearly drafted by Samsung, which that sentence, as I've already pointed out, has its own various peculiarities associated with it, how it refers to the contract sale, the fact that it's in quotations. And that's the very essence of ambiguity. And in that circumstance, that ambiguity has to be construed against the drafter. And there's no dispute here that the credit agreement and the credit application, the financial authorization form, as well as, of course, Samsung's contract of sale, all drafted, all drafted by Samsung. So to go back to the question of superfluousness, those phrases, those two dependent phrases in what we say is a loose sentence, they are entirely superfluous if the terms of sale are already incorporated. And, Judge Lorry, to go back to where we started with your initial, with Your Honor's initial comment, if a period was put right after attached and those other two clauses did not appear, there's no question that the entirety of the contract of sale would have been incorporated. And I should also point out that it is a principle of contract construction in California that with respect to an incorporation, an incorporation by reference must be clear and unequivocal and must be called to the attention of the other party, and that other party must consent. And so here The terms of sale attached have different meanings, would have a different meaning if there were a period there than it does when service charges and reasonable attorney fees are appended. The way, that is what I'm saying, Your Honor. That is what I'm saying. Because what I'm saying is that if we look at what one noted grammarian, Strunk and White, describes as a loose sentence There's not a single case, is there, which risks holding us to contract construction on a loose sentence concept? I can't say that we have found one, Your Honor. No, I cannot. But likewise, I don't think there is one that construes a sentence like this against us and against the interpretation that we've offered either. And so under Can I just ask, might there be, even if clauses two and three are superfluous, a reason to call attention to those particular things in, you know, entering upon an agreement and particularly a credit agreement? Because they have to do with just kind of the payment aspect. Well, with respect to service charges, there would be a reason to call attention to paragraph seven because of the 1.5%. And fees for default. I'm sorry? And attorneys' fees for default. And attorneys' fees for default, yes. Yes. Would there be a reason to refer to attorneys' fees for default? Well, I guess what I'm speculating about is maybe the principle, general legal text principle, try to avoid superfluity if you can, is not absolute. And maybe a reason to include two out of, you know, a couple of pages worth of terms in the terms of sale to call attention to them in this document is to highlight them, even if that's done in a oddly constructed sentence. I would argue, Your Honor, that the reason to call them out here was for the very purpose that Strunk and White suggests when it describes what a loose sentence is, which is to narrow the field of what is incorporated from the contract of sale. Because otherwise there's no reason to call them out. Look, the attorneys' fees provision in here, in this sentence, is a good deal broader than the one that you referred to in the contract of sale, right? Because it's attorneys' fees in the event of default rather than attorneys' fees for collection. So it's different, right? Well, it's a little more expansive, yes. Yes, it is. It's not completely redundant. Well, the point here is to interpret the sentence in a way that it eliminates redundancy. And the only way that can be done here is by accepting those two clauses as referencing only more specific material that appears in paragraph 7 of the contract of sale. Because otherwise, if the point is to incorporate everything that's in the contract of sale, inclusive of the more specific provision related to service charges at 1.5 percent, all that needed to be done was to put a period after attached. And those next two clauses are completely unnecessary. Counsel, you're into your rebuttal time. I am. Continue or save it? I'm going to save what I have remaining, Your Honor. Thank you. Good morning, Your Honor. May it please the Court. The parties' 2012 agreement is controlling here. That agreement sets out the terms under which Samsung agreed to sell to FineLite products in the future on credit. 2012's agreement expressly foresaw and foreclosed the very battle of reforms theory that FineLite advances here. Because there is already a controlling agreement, California Commercial Code section 2207 and the gap-filling provisions of 2312 don't come into play here. Just on that proposition, that if you're right about the 2012 contract, the rest doesn't matter in this case? That's correct, Your Honor. That's not in dispute, right? I don't believe that's in dispute at all, Your Honor. So to turn to what Your Honor started with in terms of are the last two parts of that sentence that everybody is focusing on, are they superfluous or not? They are not superfluous, Your Honor. That sentence is three things to which FineLite agreed. The terms of sale that are attached to pay service charges assessed, that's an independent obligation, which refers back to what came earlier on page 2 of the agreement, which says that Samsung has the right to assess service charges. There it says it has the right to assess it. In the sentence, the last sentence on page 2, FineLite is agreeing to pay those assessed charges. And then the last portion of that sentence is an independent obligation to pay attorney's fees in the event of default, and that's key there. Because that idea of default and attorney's fees in the event of default is not in pages 4 and 5 of the terms of sale that are part of this agreement as well. Because that's different from the collection costs? Right. It says collection costs including attorney's fees. And that's a different concept than attorney's fees in the event of default. How so? The collection costs are just that, Your Honor, in terms of if there are fees associated with trying to collect on the invoices. And it's broader. It's a broader concept, and it's not limited to just attorney's fees. And default is a different concept than collection costs. It seems to me the focus for you cannot be on how attorney's fees is smaller than what's covered in the Section 7. You need to avoid redundancy that the statement about attorney's fees in the event of default is broader than what's in paragraph 7. Well, I think our position is that it is. Default is all sorts of failures to comply with the contract, whether collection costs is failure to pay on time. Those are different things. That's exactly correct, Your Honor. They are different things. And what my friend is doing here is looking at that sentence in isolation and saying that what could it possibly – looking at that sentence in isolation. And that is the incorrect way to look at it, look at interpret contracts under California law. California law says you look at the whole – you look at the contract as a whole, trying to give effect to every part if practicable. And there is certainly a way to interpret this contract in that way. Particularly, there is no theory that – no coherent theory that we have heard in terms of why Samsung would include pages 4 and 5 of the terms of sale, only to then write a sentence that says ignore everything that comes in those pages, except perhaps one sentence plucked out of one section in the middle of one section. Is it your view that even a minor overlap in areas that are not at issue before us does not change the meaning of clear language in terms of sale attached? Exactly, Your Honor. That is our view, that it does not change it. That this court is to give effect to the contract as a whole. And this is an integrated contract, a single document. It is numbered pages 1 through 5. Each page is numbered sequentially. Each page bears the same watermark. Those are both intrinsic indicia of the fact that this is a single document that was presented as an integrated contract to Finelight, and that it's signed and returned to us. And if attorney's visa service charges were at issue here, then we would have to look at both portions and determine what's covered. Exactly, Your Honor. Our position is that there is no ambiguity in that sense, but even if that was the case, that is not the dispute here. That kind of ambiguity is not at issue and does not affect the outcome of the dispute here, which is whether the terms of sale are part of the contract that they agreed to. Now, I just want to raise one additional point in terms of incorporation by reference. This is not an incorporation by reference situation as in the case of the Chan decision, for example, that was cited in the parties' briefings. There, we're dealing with a situation where the contract says, for example, you agree to the terms of the management agreement that the parties have separately signed, and that management agreement is not before the parties, and the question is whether that is informed consent. Here, the terms that are at issue were right there. They were pages 4 and 5 of a document numbered 1 through 5, and the sentence explicitly cites to it. It says, the terms of sale attached. So this is an integrated document. Can I ask you, do you have any explanation for why this sentence is in quotation marks? I don't, Your Honor, and I don't believe that anything turns on it. While my friend has noted that fact, I don't believe that they have raised any issue of consequence to that. And suppose that there were no comma after the parenthetical phrase attached. Then it would be a little bit awkward, but it would be a sentence that say, we agree to the terms of sale to pay service charges assessed and to pay reasonable attorney's fees. In which case, the last two things would be restrictions by way of identifying which terms of sale, if you want to know what they are, go look at those, are being agreed to here. So is this basically about the comma? I don't think it's about a comma, Your Honor. I think you're correct that it would be perhaps a little bit more awkward if the comma wasn't there. Of course, it is there. But even then, the contract must be construed as a whole and in the context, trying to give effect to all its parts. And it would be unreasonable to read that sentence in a way that reads out two pages of a five-page agreement. I don't believe that the 2207 portions of the discussions were addressed during the opening. Unless Your Honors have any questions, I can return the rest of my time. Thank you, counsel. Mr. Lippin, we'll give you three minutes if you need them. Thank you, Your Honor. So I want to start with whether we're looking at this sentence in isolation. Quite the contrary. We're looking at this sentence in the context of four documents. A credit application, a credit agreement, a credit authorization, and then counsel makes the argument that you need to look at the contract as a whole. And we don't dispute that principle, of course. That is what the court must do. But it begs the question, what is the contract as a whole, and to what extent does the contract as a whole incorporate items from the attached terms of sale? That's the issue. And that's the same mistake that the district court made when it said, you know, we, Finelight, is rendering 40 percent of the terms of sale superfluous. Well, that misunderstands the question. The question is, what is incorporated, because terms can't be rendered superfluous or negated in any way until it's clear that they're actually part of the contract to begin with. The issue of the pagination of these documents, no significance should be attached to that at all. Yes, the documents are paginated, 1, 2, 3, 4, 5. But it's clear that there are four different documents, and they're not all one contract together. In fact, there are two signatures on two of the documents. Two of those documents are actually separate. The one document that is incorporated, we say on a very limited basis, is what's referred to in that single sentence of the credit agreement. And so here's where, well, I guess what I want to do is just also talk about the behavior of the parties, because there are other indicia here which is not parole evidence and is permissible to consider in determining just what exactly what was it that the parties were trying to accomplish, Samsung was trying to accomplish, since it's the drafter, by the creation of this sentence. Well, it's important to keep in mind that years passed where both parties exchanged forms, and no one, most naturally it would have been Samsung, said, hey, full stop, we already have a contract of sale here. We've already got terms that cover here. Quite the contrary, it responded with its own terms and conditions. Was this rebuttal or was this something that wasn't raised in your initial presentation? It was not raised in my initial presentation, Your Honor, but it does go to, I think, what we're talking about here, which is what's the proper construction of that sentence. Then give us your final. I will do that. Thank you, Your Honor. And so where we end up here is that we believe if construed as a loose sentence, the only terms incorporated are those that we've discussed and the rest of the contract of sale has nothing to do with the agreement between and among the parties. But if there's doubt about that, what's before the court and what was before the district court are two, at least two, equally reasonable constructions of that sentence, and that's ambiguity. And once that's swept aside, then we turn to the California Commercial Code in Section 2207. Thank you very much. Both counsel, the case is submitted and that concludes today's argument. All rise.